# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT JACKSON

BARRY WELLS,                    )
                               )        NO. 02C01-9610-CV-00358
    Appellant,           )
                               )        LAUDERDALE COUNTY
VS.                             )
                               )        HON. JOSEPH H. WALKER, III,
RONNIE RICKARD,                 )        JUDGE
                               )
    Appellee.            )        (Habeas Corpus)



FILED

November 20, 1998

Cecil Crowson, Jr.
Appellate Court Clerk

### UPON REMAND FROM THE SUPREME COURT OF TENNESSEE

**FOR THE APPELLANT:**

**ROBERT L. HUTTON**
One Commerce Sq., Ste. 1700
Memphis, TN 38103

**FOR THE APPELLEE:**

**JOHN KNOX WALKUP**
Attorney General and Reporter

**ELLEN H. POLLACK**
Assistant Attorney General
Cordell Hull Building, 2nd Floor
425 Fifth Avenue North
Nashville, TN  37243-0493

**ELIZABETH T. RICE**
District Attorney General

**MARK E. DAVIDSON**
Assistant District Attorney General
302 E. Market Street
Somerville, TN  38068

**OPINION FILED: _____**

**AFFIRMED**

**JOE G. RILEY,**
**JUDGE**

## O P I N I O N

This case is before this Court upon a remand from the Supreme Court of Tennessee in light of its decision in <u>City of White House v. Whitley</u>, ___ S.W. 2d ___, No. 01S01-9711-CH-00259 (Tenn. October 12, 1998). We must determine whether a judgment of conviction punishable by incarceration which was imposed by a non-lawyer judge without objection by the defendant is void if the judgment was entered prior to the Supreme Court's opinion in <u>White House</u>. We conclude such a conviction is not void; therefore, it may not be attacked by *habeas corpus*. In this case, however, the petitioner was granted relief by the trial court as to a probation revocation order by a non-lawyer judge due to the absence of waiver of counsel. Thus, although we do not void the original judgment of conviction, we affirm the trial court's order of remand to the General Sessions Court for a new revocation hearing.

## PROCEDURAL HISTORY

This Court originally affirmed the authority of the non-lawyer General Sessions judge to order the incarceration of the petitioner. *See* <u>Barry Wells v. Ronnie Rickard</u>, C.C.A. No. 02C01-9610-CV-00358, Lauderdale County (Tenn. Crim. App. filed June 9, 1997, at Jackson). The Supreme Court of Tennessee granted permission to appeal and on November 2, 1998, remanded the matter to this Court for reconsideration in light of <u>City of White House v. Whitley</u>, <u>supra</u>.

## FACTS

Petitioner, Barry Wells, appeared before the non-lawyer General Sessions judge of Lauderdale County on the charge of theft under $500.00, a Class A misdemeanor. He waived his right to counsel and trial by jury and was found guilty by the non-lawyer judge. He received a sentence of 11 months and 29 days with all but 30 days being suspended.

Subsequently, petitioner appeared before the same non-lawyer judge on a probation violation warrant. Although the petitioner was not advised of his right to counsel and counsel was not appointed to represent him, the non-lawyer judge revoked probation and ordered the defendant to serve the balance of his sentence.

Petitioner subsequently filed a *habeas corpus* action in the Circuit Court. The Circuit Court ordered a remand to the General Sessions Court for a new hearing due to the absence of a waiver of the right to counsel. Petitioner appealed to this Court alleging the Circuit Court erred in failing to declare that the non-lawyer General Sessions judge had no authority to order incarceration.

**DISPOSITION**

In City of White House v. Whitley, ___ S.W.2d at ___, the Supreme Court of Tennessee ruled that a non-lawyer judge cannot preside over trials of criminal offenses punishable by incarceration in the absence of a written waiver by the defendant consistent with Tenn. R. Crim. P. 5(c). The Court found such to be in violation of due process under Article I, § 8 of the Tennessee Constitution. The Court further announced the ruling was only applicable to (1) cases tried or retried after the date of its opinion, and (2) cases on appeal in which the due process issue was raised in the trial court and preserved as a ground for appeal. Id.

In this case the due process issue was not raised in the General Sessions Court nor in the Circuit Court on appeal. It was raised for the first time via *habeas corpus*. *Habeas corpus* relief is available only when the judgment is void as opposed to voidable. *See* Dykes v. Compton, ___ S.W.2d ___, ___ (Tenn. 1998); Archer v. State, 851 S.W.2d 157, 164 (Tenn. 1993).

In White House the Supreme Court declared that its ruling only applied to cases tried or retried after the filing of its opinion and to cases on appeal in which the due process issue was properly raised and preserved. White House, ___ S.W.2d at ___. Thus, convictions entered by non-lawyer judges prior to White House are not void; otherwise, all such convictions would be subject to *habeas*

3

*corpus* attack even after the filing of <u>White House</u>.

In the case *sub judice* the judgment of conviction by the non-lawyer judge was not void. It could not be attacked by *habeas corpus*. For this reason, the original judgment of conviction should not be set aside.

Nevertheless, petitioner was accorded some relief by the trial court. The trial court set aside the probation revocation order due to the absence of waiver of counsel. We see no reason to disturb this ruling.[1]

### CONCLUSION

Based upon the foregoing, we affirm the judgment of the trial court. The matter shall be remanded to the General Sessions Court for a new revocation hearing.[2]

_____
**JOE G. RILEY, JUDGE**

**CONCUR:**

_____
**JOHN H. PEAY, JUDGE**

---

[1]We note that the present General Sessions judge of Lauderdale County is a lawyer-judge.

[2]The original opinion in this Court was authored by Presiding Judge Joe B. Jones. Judge Jones is now deceased; therefore, only two judges participated in the present opinion.

4